IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
September 28, 2010 Session

## KIMBERLY THURMAN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Anderson County**
**No. BOC00225      Jon Kerry Blackwood, Judge**

**No. E2010-00993-CCA-R3-PC - Filed January 11, 2011**

The petitioner, Kimberly Thurman, filed a petition for post-conviction relief from her conviction for second degree murder.  The petition was filed outside the one-year statute of limitation for filing a post-conviction petition, but the petitioner alleged that the limitations period should be tolled because she was unable to manage her personal affairs or understand her legal rights and liabilities.  The post-conviction court summarily dismissed the petition as time-barred, and the petitioner now appeals.  Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Thomas Marshall, Clinton, Tennessee, for the appellant, Kimberly Thurman.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; David S. Clark, District Attorney General; and Sandra N. C. Donaghy, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

On August 30, 2008, the petitioner pled guilty in the Anderson County Circuit Court to second degree murder in exchange for a fifteen-year sentence.  On March 17, 2010, the petitioner, acting pro se, gave prison officials her post-conviction petition to mail, and it was filed on March 31, 2010.  In the petition, she acknowledged that the petition was untimely.  However, she averred

that she was not previously advised about the statute of limitations and has to be dependant [sic] upon the law library at TPFW. Petitioner respectfully requests that the statute of limitations be tolled under [State v. Nix, 40 S.W.3d 459 (Tenn. 2001)] as she was unable to manage personal affairs or to understand legal rights and liabilities.

Also in the petition, the petitioner stated that her trial counsel was ineffective. She asserted that counsel failed to have a "mental evaluation completed on her . . . [and] that she was on psychotropic medications at the time of the plea."

On April 12, 2010, the post-conviction court filed an order summarily dismissing the petition as untimely. The court also appointed counsel to assist the petitioner in appealing the dismissal. On appeal, the petitioner argues that the post-conviction court failed to rule upon her claim that the statute of limitation should be tolled, citing Nix for the proposition that, in limited circumstances, the post-conviction statute of limitation may be tolled if a petitioner demonstrates that she is unable to manage her personal affairs or to understand her legal rights and liabilities. The petitioner maintains that even if she failed to properly support her claim for tolling with proper documentation, she should not be held to a strict standard of compliance because she was acting pro se.[1]

## II. Analysis

We note that "[r]elief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2003). However, to obtain relief,

a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within

---

[1] We note that on appeal, the Petitioner maintained that she "tried to start the post-conviction process prior to the statute of limitations running . . . [by keeping appointments] with assigned 'law clerks' prior to one year after her judgment [was filed]." The Petitioner attached to her brief copies of appointment notices regarding these meetings. However, the Petitioner acknowledged that "no specific rule seems to authorize attaching documents to a brief that are not part of the record." See State v. Matthews, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990).

one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred.

Tenn. Code Ann. § 40-30-102(a); see also Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). The statute emphasizes that time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Tenn. Code Ann. § 40-30-102(a).

Clearly, the post-conviction petition was filed well outside the one-year statute of limitation. The petitioner maintains that the statute of limitation should be tolled because she was mentally incompetent during this time. However, the only support the Petitioner has provided for this contention is her statements in the petition. We acknowledge that, in limited circumstances, the post-conviction statute of limitation may be tolled for incompetent petitioners. Nix, 40 S.W.3d at 463. However, our supreme court has explicitly rejected the notion that "due process requires tolling for incompetency upon the mere assertion of a psychological problem." Id. (emphasis added). The Nix court

> emphasize[d] that to make a prima facie showing of incompetence requiring tolling of the limitations period, a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities. Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal. . . .

Id. at 464.

In the instant case, the petitioner has not met her burden of establishing, by means other than summary allegations of mental illness, that she was unable to manage her personal affairs or understand her legal rights and liabilities. At most, the petitioner alleges "that she was on psychotropic medications at the time of the plea"; however, the petitioner does not allege what effect, if any, these medications had on her ability to manage her affairs or understand her rights. Therefore, there is no discernable reason in the record to toll the post-conviction statute of limitation. Accordingly, we conclude that the post-conviction court did not err in dismissing the petition.

## III.  Conclusion

Finding no error, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE